UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONY WILLIAMS,

        Plaintiff,

v.

                                        Case No. 3:21-cv-646-MMH-PDB

JAMES MICHAEL JANOUSEK,
et al.,

        Defendants.

## ORDER

Plaintiff Tony Williams, a detainee at the Columbia County Jail (Jail) in Lake City, Florida, initiated this action on June 28, 2021, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1). In the Complaint,[1] Williams names the following individuals as Defendants: (1) Michael Bryant, Assistant Regional Counsel at the Office of Criminal Conflict and Civil Regional Counsel (OCCCRC),[2] 1st District (RC1); (2) James Michael

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

[2] The Florida Legislature created five Regional Counsel offices primarily to provide legal representation to indigent persons in criminal cases in which the Public Defenders are unable to provide representation due to a conflict of interest.

Janousek, Assistant Regional Counsel at OCCCRC-RC1; (3) Sean E. Manson, an assistant public defender, Third District; and (4) Ms. Kemph, OCCCRC-RC1 supervisor. Although the Complaint is not a model of clarity, it appears that Williams is complaining about the lack of medical care for his back injury. He describes his Complaint as a malpractice, discrimination lawsuit, and seemingly blames his attorneys for not obtaining medical treatment for him. See Complaint at 3, 5. As relief, he seeks 1.7 million dollars. See id. at 5.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[3] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered

---

[3] Williams has neither paid the filing fee nor filed an application to proceed as a pauper. As such, for purposes of the Court's required screening, the Court will assume he intends to proceed as a pauper.

2

when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the Prison Litigation Reform Act mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[4] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States

---

[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

3

Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation" in § 1983 cases. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556 57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cnty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less

stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)); Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017).

Additionally, a complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civil P. 8(a)(2). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A plaintiff must allege sufficient facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

5

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant deprived him of a right secured under the Constitution or federal law, and that such a deprivation occurred under color of state law. See Bingham, 654 F.3d at 1175. First, even if Williams has a viable state law action, he fails to state claims against Defendants under § 1983.

Williams has not alleged sufficient facts to establish his entitlement to relief. Indeed, he does not claim Defendants violated a particular constitutional right, and his claims are devoid of facts that would allow the Court to draw reasonable inferences that Defendants violated Plaintiff's federal constitutional rights. Williams has failed to identify with any factual specificity the alleged misconduct of each Defendant. Instead, he generally alleges discrimination and malpractice. However, Williams fails to provide any factual allegations to support a claim upon which relief can be granted.

To the extent Williams complains about rulings of a state court judge with respect to his desire to obtain new counsel, such assertions should be addressed in state court by voicing his concerns at hearings and/or by filing appropriate and timely motions. Notably, the dockets for his ongoing state-

6

court criminal cases reflect that pretrial conferences are scheduled on August 9, 2021. See Case Nos. 12-2020-CF-2-CFA-XMX; 12-2020-CF-803-CFA-XMX. Williams may also consult with Mr. Michael Leroy Bryant about any concerns related to his defense. Therefore, the Court will direct the Clerk to send a copy of this Order to Mr. Bryant for appropriate action, if any, in assisting Williams with his concerns about his criminal cases as well as any confinement issues at the Jail that may be affecting Williams' abilities to assist in his defense.

To the extent Williams requests that this Court intervene in his pending state court criminal cases, such a request is barred by the abstention doctrine and the principles of exhaustion and comity. Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Butler v. Ala. Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases already pending in state court free from federal court interference.") (citation omitted); Chambersel v. Florida, 816 F. App'x 424, 426 (11th Cir. 2020) (per curiam).

"In Younger, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad

faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing Younger, 401 U.S. at 45). Williams has not shown that any of these three exceptions to the abstention doctrine apply in his case.

In light of the foregoing, this case is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

3. The Clerk of Court shall send a copy of this Order to Mr. Michael Leroy Bryant at the following address: OCCCRC 1st District, P.O. Box 2698, Lake City, FL 32056-2698.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of July, 2021.

MARCIA MORALES HOWARD
United States District Judge

sc 7/22
c:
Tony Williams, Columbia County Jail